12/23/08

In light of counsels' waiver of the ten day period, and without objection, I adopt the recommendation without qualification.

s/ Judge Raymond J. Dearie

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                           - against -

CARLA DUNCAN,
    *aka* "Carla Palacio,"

                           Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

08 MJ 480

On May 23, 2008, the defendant Carla Duncan was arraigned on a Complaint charging her with knowingly, intentionally, and forcibly opposing, impeding, intimidating, or interfering with an employee of the United States, specifically, the courtroom deputy to the Honorable Carla Craig, while that deputy was engaged in the performance of her official duties in connection with the United States Bankruptcy Court for the Eastern District of New York, in violation of 18 U.S.C. § 111. Following the arraignment, the Court entered an Order, pursuant to 18 U.S.C. §§ 4241 and 4247(b) and (c), to have a licensed psychiatrist or psychologist conduct an examination of the defendant to determine whether she suffers from a mental disease or defect, rendering her mentally incompetent to understand the nature and consequences of the proceedings and assist properly in her defense.

On June 28, 2008, based on a 19 page report and a hearing at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, the Court ORDERED that the defendant Carla Duncan be committed to the custody of the Attorney General pursuant to 18 U.S.C. §§ 4241(d)(1) and

4247(b) and (c). The Court directed the Attorney General to hospitalize Ms. Duncan for treatment in a suitable facility for a reasonable period not to exceed four months in order to determine whether there was a substantial probability that in the foreseeable future she would attain the capacity to understand the nature and consequences of the proceedings against her, to assist properly in her defense, and to permit the proceedings to go forward. The Court also ORDERED, pursuant to 18 U.S.C. §§ 4241 and 4247(b) and (c), that during such hospitalization, the Bureau of Prisons have a licensed or certified neurologist conduct a neurological examination to determine the role of a possible brain tumor or other organic or neurological problem that might be contributing to her mental condition, disease, or defect. In addition, the Court ORDERED that a psychiatric and psychological report and a neurological report be prepared.

In accordance with the Court's Order, the Warden of the Federal Medical Center, Carswell ("FMCC"), submitted to the Court an evaluation of Ms. Duncan on November 26, 2008. According to the report, the clinical staff of FMCC believes that Ms. Duncan is not competent to stand trial but that there is a substantial probability that she may be restored to competency if she can be stabilized on psychotropic medication. Thus, the report requests an extension to the evaluation period. The report also indicates that due to clerical issues and Ms. Duncan's continued aggressive behavior, a neurological examination could not be completed during Ms. Duncan's evaluation period.

On December 19, 2008, the Court held a status conference[1] on the issue of whether the defendant Carla Duncan should again be committed to the custody of the Attorney General

---

[1] The status conference was held by video-conference with FMCC, so that Ms. Duncan could be present.

pursuant to 18 U.S.C. §§ 4241(d)(1) and 4247(b) and (c) in order to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to understand the nature and consequences of the proceedings against her, to assist properly in her defense, and to permit the proceedings to go forward. At the hearing, the Court heard from the defense counsel, who argued that the government should dismiss the case because it will be unable to prove that Ms. Duncan had the requisite mental state at the time she allegedly committed the crime to fulfill the *mens rea* requirement. Alternatively, the defense counsel requested that, if the Court orders that Ms. Duncan undergo another evaluation and course of treatment, the Court limit the time period to 60 days and again order a neurological examination, since it was not possible to complete a neurological exam during Ms. Duncan's previous evaluation period. The government argued that it was premature to dismiss the case based on a lack of *mens rea* and requested another evaluation and course of treatment for a period of two months. Finally the Court heard from the defendant, who expressed her eagerness to return home to her ailing mother and 13 year-old daughter.

Having considered carefully the arguments of the defense counsel, the government, and the defendant, as well as the psychiatric report prepared pursuant to the Order of this Court, and the prior proceedings in this case, the Court finds that there is ample support for the conclusion of the Report that Ms. Duncan still suffers from a mental disease rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her. Thus, it is impossible for her to rationally assist in the defense of her case and which has, as a consequence, rendered her not competent to stand trial at this time. The Court also finds that there is ample support for the conclusion of the Report that it may still be

possible to restore the defendant to competency if she can be stabilized on psychotropic medication.[2]

Accordingly, the Court respectfully recommends, pursuant to 18 U.S.C. §§ 4241(d)(1) and 4247(b) and (c), that the defendant Carla Duncan be committed to the custody of the Attorney General, who shall continue to hospitalize Ms. Duncan for treatment at the FMCC for a reasonable period not to exceed 60 days in order to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to understand the nature and consequences of the proceedings against her, to assist properly in her defense, and to permit the proceedings to go forward. The Court further recommends, pursuant to 18 U.S.C. §§ 4241 and 4247(b) and (c), that during such hospitalization, the Bureau of Prisons has a licensed or certified neurologist conduct a neurological examination to determine the role of a possible brain tumor or other organic or neurological problem that might be contributing to her mental condition, disease, or defect. The Court further recommends that a psychiatric and psychological report and a neurological report be prepared, filed with the Court, and copied to defense counsel (Douglas G. Morris, Federal Defenders of New York, Inc.) and the government (Assistant U.S. Attorney Todd Kaminsky). Finally the Court recommends that a certified copy of this order be served upon the FMCC and the United States Marshal's Service for the Eastern District of New York.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See

---

[2]The Court notes that, based on Ms. Duncan's demeanor during the December 19th hearing, her condition seems to have improved since the Court's June 28th Order, presumably because of the course of treatment she has received at FMCC.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); <u>Small v. Secretary of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

Dated: Brooklyn, New York
December 23, 2008

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge